IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETTA STROTHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MIRAMED REVENUE GROUP, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ANNETTA STROTHER, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, MIRAMED REVENUE GROUP, LLC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. ANNETTA STROTHER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Markham, County of Cook, State of Illinois.

5. The debt that Plaintiff allegedly owed Wellgroup Healthcare Partners for services allegedly obtained from Franciscan Alliance Ambulatory Business Office was for medical services which was an alleged personal expenditure.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. MIRAMED REVENUE GROUP, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a limited liability company in the State of Illinois.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

13. On or about December 5, 2012, Defendant sent Plaintiff correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Wellgroup Health Partners for services allegedly obtained from Franciscan Alliance Ambulatory Business Office.

14. The aforesaid correspondence stated, "[O]ur client has authorized us to report this matter as a collection account to a credit reporting agency."

15. The aforesaid statement is untrue as the creditor has not authorized this account to be reported to a credit reporting agency.

16. On or about January 4, 2013, the alleged debt was recalled from collections by the original creditor due to the fact that the account was issued in error, and would be closed immediately.

17. Subsequent to January 4, 2013, but prior to January 8, 2012, Defendant placed a telephone call to Plaintiff in an attempt to collect the aforesaid debt.

18. The aforementioned call referenced in paragraph 17 above was placed by a person who identified herself only as "Tiffany".

19. During the aforementioned call referenced in paragraph 17 above, Plaintiff advised the caller that Plaintiff was in possession of correspondence from the original creditor which stated that Plaintiff did not owe the account, and said account was placed in error.

20. Defendant then and there interrupted Plaintiff, told Plaintiff she would not listen, and warned Plaintiff that she was just ruining her own credit.

21. On or about January 8, 2013, Franciscan Alliance Ambulatory Business Office contacted Defendant and advised Defendant that the account had been issued in error.

22. On or about January 8, 2013, Franciscan Alliance Ambulatory Business Office contacted Defendant and requested that Defendant close the account.

23. On or about January 15, 2013, Defendant again initiated a telephone call to Plaintiff.

24. The aforementioned call referenced in paragraph 23 above was placed by a person who identified himself only as "Ray".

25. During the aforementioned call referenced in paragraph 23 above, Plaintiff again advised Defendant that Plaintiff was in possession of correspondence from the original creditor which stated that Plaintiff did not owe the account, and said account was placed in error

26. Defendant again interrupted Plaintiff, told Plaintiff that he did not want to listen, and that he "hear[s] these excuses all the time."

27. In its attempts to collect the debt allegedly owed by Plaintiff to Franciscan Alliance, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

4

## V.     JURY DEMAND

29.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANNETTA STROTHER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANNETTA STROTHER**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: February 21, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:     dmarco@smithmarco.com